UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CYNTHIA COVINGTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARYMING ASSET MANAGEMENT, LLC, a limited liability company; MADISON MANAGEMENT SERVICES, LLC; PHH MORTGAGE CORPORATION; VERIPRO SOLUTIONS, INC.; NATIONSTAR MORTGAGE, LLC, a limited liability company; ARY LS 4 LLC, a limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:25-cv-01734 WBS CSK<br><br>MEMORANDUM AND ORDER RE: DEFENDANT PHH MORTGAGE CORPORATION'S MOTION TO DISMISS |

----oo0oo----

Plaintiff Cynthia Covington brought this action against defendants Aryming Asset Management, LLC ("AAM"); Madison Management Services, LLC; PHH Mortgage Corporation ("PHH"); Veripro Solutions, Inc.; Nationstar Mortgage, LLC ("Nationstar"); ARY LS 4 LLS; and Does 1-50, inclusive.  (First Am. Compl.

1

("FAC") (Docket No. 12).)  Plaintiff alleges various contract law and statutory violations against defendants in connection with a defaulted mortgage.  (See id.)  Defendant PHH moves to dismiss the claims brought against it.  (See Docket No. 15.)

I. Factual Background

This action concerns a residential loan transaction. (FAC ¶ 29.)  Plaintiff initially obtained financing for the purchase of her home with an entity called Argent Mortgage Corporation, LLC ("Argent") in or around September 2005.  (See id. ¶ 31.)  Defendant PHH is a successor to an entity called Ocwen Loan Servicing, LLC ("Ocwen"), which in turn was a successor to Argent.  (Id. ¶ 79.)  Plaintiff asserts that "PHH Mortgage Corporation is liable for the actions of its predecessor[] . . . Ocwen."  (Id. ¶ 79.)

The financing plaintiff obtained from Argent constituted a "piggyback mortgage," under which Argent had a first lien loan for 80 percent of the value of the property and a second lien loan for the remaining 20 percent of the value of the property.  (See id. ¶ 31.)  On September 30, 2005, "a first position Deed of Trust was recorded in favor of Argent . . . to secure a loan in the amount of $412,000," and "a second position Deed of Trust was recorded in favor of Argent . . . to secure a loan in the amount of $130,000."  (Id. ¶¶ 32-33.)  At issue here is the second loan.  (Id. ¶ 33.)

Argent went out of business in or around 2007.  (See id. ¶ 34.)  Thereafter, "Plaintiff stopped receiving correspondence related to" the second loan.  (Id.)  After Argent went out of business, "the loan apparently began transferring

between beneficiaries and servicers." (Id. ¶ 36.) On or about May 22, 2024, Ocwen transferred the beneficial interest in the Deed of Trust to Nationstar pursuant to an Assignment of Deed of Trust. (See id. ¶ 37.) That same day, Nationstar transferred the beneficial interest in the Deed of Trust to ARY LS 4 LLC. (See id. ¶ 38.)

Plaintiff began receiving statements demanding over $180,000 for the second loan in July or August 2024. (See id. ¶ 42.) In September 2024, defendant AAM sent Plaintiff a demand for $271,304.71 to be paid by September 30, 2024, upon penalty of foreclosure. (See id. ¶ 44.) A notice of default in the amount of $183,295.90 was recorded for the loan and corresponding property in November 2024. (See id. ¶ 45.)

On February 25, 2025, a trustee's sale of plaintiff's property was recorded. (See id. ¶ 49.) Plaintiff filed a lawsuit against defendants in state court on May 16, 2025, which PHH removed to federal court on June 19, 2025. (See Docket No. 1 at 1-2.) Plaintiff filed her FAC on July 17, 2025.

II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when a complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has alleged "sufficient facts . . . to support a cognizable legal theory," id., and thereby stated "a

3

claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Courts are not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see Twombly, 550 U.S. at 555.

III. Discussion

    A.    Successor Liability

As plaintiff's claims against PHH largely rest upon the theory that PHH is liable for the actions of its predecessors. Under California law, "[t]he general rule of successor nonliability provides that where a corporation purchases, or otherwise acquires by transfer, the assets of another corporation, the acquiring corporation does not assume the selling corporation's debts and liabilities."  Fisher v. Allis-Chalmers Corp. Prod. Liab. Tr., 95 Cal.App.4th 1182, 1188 (2002). However, "a successor company may be liable for a predecessor's actions if: (1) the successor expressly or impliedly agrees to assume the subject liability . . . , (2) the transaction amounts to a consolidation or merger of the successor and the predecessor, (3) the successor is a mere continuation of the predecessor, or (4) the transfer of assets to the successor is for the fraudulent purpose of escaping liability for the predecessor's debts."  City of Los Angeles v. Wells Fargo & Co., 22 F.Supp.3d 1047, 1062 (C.D. Cal. 2014) (citing CenterPoint Energy, Inc. v. Superior Ct., 157 Cal.App.4th 1101, 1120 (2007)) (alterations in original).

A transaction constitutes a merger "where one

4

corporation takes all of another's assets without providing any consideration that could be made available to meet claims of the other's creditors or where the consideration consists wholly of shares of the purchaser's stock which are promptly distributed to the seller's shareholders in conjunction with the seller's liquidation." Ray v. Alad Corp., 19 Cal.3d 22, 28, 560 P.2d 3, 7 (1977) (citation omitted).

Plaintiff states only that "PHH is a successor by merger to Ocwen Loan Serving, LLC, which was a successor by merger to Argent Mortgage Corporation, LLC." (FAC ¶ 9.) That is insufficient. Plaintiff does not allege that PHH "[took] all of [Ocwen's] assets without providing any consideration that could be made available to meet claims of [Ocwen's] creditors or . . . the consideration consist[ed] wholly of shares of [PHH's] stock." Ray, 19 Cal.3d at 28, 560 P.2d at 7; cf. Schwartz v. Pillsbury Inc., 969 F.2d 840, 846 (9th Cir. 1992) (finding no successor liability by merger where neither condition in Ray was met). Accordingly, plaintiff has failed to adequately plead that PHH can be held liable for the actions of its predecessors.

    B.   Breach of Implied Covenant of Good Faith and Fair Dealing

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Marsu, B.V. v. Walt Disney, Co., 185 F.3d 932, 937 (9th Cir. 1999). "In order to establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: (1) benefits due under the [contract] were withheld; and (2) the reason for withholding benefits was unreasonable or

without proper cause." Guebara v. Allstate Ins. Co., 237 F.3d 987, 992 (9th Cir. 2001). "[O]nly parties to an agreement can be liable for breach [of] the covenant of good faith." Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist., 801 F.Supp.2d 1023, 1039 (S.D. Cal. 2011).

Plaintiff argues that PHH breached the implied covenant of good faith and fair dealing under a theory of successor liability. (See FAC ¶¶ 79-83.) She claims that, because PHH is a "successor by merger" to Argent -- the entity with whom she originally entered into the loan agreement (see FAC ¶ 31.) -- she was in a contractual relationship with PHH that PHH allegedly interfered with. (See FAC ¶¶ 79-80, 83.) As discussed above, plaintiff has failed to plead that PHH is liable for its predecessors' actions or has assumed its predecessors' obligations, such as the loan agreement.

Plaintiff also alleges that PHH was independently required to provide her with periodic statements. (See FAC ¶¶ 80-83.) As Plaintiff herself acknowledges, that obligation rests with loan servicers. (See id. ¶ 82.) Plaintiff does not allege that PHH ever serviced her loan (see id. ¶¶ 79-83.), and, correspondingly, that PHH "withheld" any "benefit[] due under the [contract]." Guebara, 237 F.3d at 992.

Accordingly, plaintiff's claim for breach of the implied covenant of good faith and fair dealing will be dismissed as to PHH.

C.  Violation of 12 C.F.R. § 1026.41

12 C.F.R. § 1026.41(a)(1) provides that "[a] servicer of a transaction . . . shall provide the consumer, for each

6

1 billing cycle, a periodic statement" that meets certain
2 requirements.  A "servicer" includes a "creditor, assignee, or
3 servicer, as applicable," but "[a] creditor or assignee that does
4 not currently own the mortgage loan" at-issue is "not subject to
5 the requirement . . . to provide a periodic statement." Id.
6 § (a)(2).

7       Plaintiff's allegations against PHH for this claim rest
8 again on her theory of successor liability.  (See FAC ¶ 99.)  As
9 discussed above, plaintiff has failed to plead that PHH is liable
10 for its predecessors' actions.  Plaintiff also does not allege
11 that PHH ever independently owned or serviced the loan agreement
12 as required under 12 C.F.R. § 1026.41(a)(2).  (See FAC ¶ 102.)
13       Accordingly, plaintiff's claim under 12 C.F.R. §
14 1026.41 will be dismissed as to PHH.

15     D.   <u>Violation of Cal. Bus. & Prof. Code § 17200 et seq.</u>
16       California's Unfair Competition Law ("UCL") prohibits
17 "any unlawful, unfair, or fraudulent business act or practice."
18 <u>Lane v. Vitek Real Est. Indus. Grp.</u>, 713 F.Supp.2d 1092, 1103
19 (E.D. Cal. 2010) (Shubb, J.).  A claim under the UCL "is
20 generally derivative of some other illegal conduct or fraud
21 committed by a defendant, and '[a] plaintiff must state with
22 reasonable particularly the facts supporting the statutory
23 elements of the violation.'"  <u>Id.</u> (quoting <u>Khoury v. Maly's of
24 Cal., Inc.</u>, 14 Cal.App.4th 612, 619 (1993)).
25       Plaintiff's allegations for this claim lump all
26 defendants together.  (See FAC ¶¶ 107-113.)  By not
27 "identif[ying] a specific practice of" PHH she contends violates
28 the UCL, <u>Lingad v. Indymac Fed. Bank</u>, 682 F.Supp.2d 1142, 1155

7

1  (E.D. Cal. 2010) (Burrell, Jr., J.), plaintiff's allegations fall
2  short of "Federal Rule of Civil Procedure 8(a)(2), which requires
3  a short and plain statement of the claim to put defendants on
4  sufficient notice of the allegations against them," Gauvin v.
5  Trombatore, 682 F.Supp.1067, 1071 (N.D. Cal. 1988).  Although
6  plaintiff alludes to breach of contract, breach of the implied
7  covenant of good faith and fair dealing, and violations of the
8  FDCPA as the underlying predicates for her UCL claim (see FAC ¶
9  108.), the court has found that plaintiff's breach of implied
10 covenant claim is inadequately pled, and plaintiff has not
11 alleged that PHH purportedly breached the contract or violated
12 the FDCPA.  Accordingly, plaintiff's claim under the UCL will be
13 dismissed as to PHH.
14          IT IS THEREFORE ORDERED that defendants' motion to
15 dismiss (Docket No. 15) be, and the same hereby is, GRANTED.
16 Counts III, V, and VII of the complaint are DISMISSED as against
17 defendant PHH Mortgage Corporation.  Plaintiff is given 14 days
18 from the date of this Order to file an amended complaint if she
19 can do consistent with this Order.
20 Dated:  September 16, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8